**UNITED STATES DISTRICT COURT**　　　　　**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| SHERMAN MARVIN FRANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:25-CV-352 |
| | § | |
| OFFICER SCOTT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Sherman Marvin Frank, a prisoner previously confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Correctional Officer Scott, and Property Officer V. Hebert.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the action pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the court concludes the objections are without merit.

The right of access to the courts guarantees inmates a reasonably adequate opportunity to file non-frivolous cases challenging their convictions and the conditions of their confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).  In order to state a claim for denial of access to the courts, an inmate must show that "an actionable claim [involving a challenge to a sentence or conditions of confinement] which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented. . . ." *Lewis v. Casey*, 518 U.S. 343, 356 (1996).

Plaintiff alleges that he was missing one volume of his trial transcript, the offense report, and the probable cause affidavit when he filed his state application for habeas relief.  Plaintiff has not alleged any facts demonstrating that an actionable claim was lost or rejected because he was missing those documents, that he was unable to present the substance of his claims without the documents, or that he was denied an extension of time to submit the documents themselves. Therefore, the magistrate judge correctly concluded that Plaintiff's access to courts claim should be dismissed for failure to state a claim upon which relief may be granted.  Further, Plaintiff's deprivation of property claim is not cognizable in a § 1983 action because the Texas tort of conversion provides an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

**ORDER**

Accordingly, Plaintiff's objections (#21) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#19) is **ADOPTED**. A final judgment will be entered in accordance with this order.

SIGNED at Beaumont, Texas, this 28th day of July, 2026.

_____

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE